# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 21-0441-TFM-MU |
| ) | |
| BP EXPLORATION & PRODUCTION, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

_____

| | |
|---|---|
| KENNETH TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 23-0380-KD-MU |
| ) | |
| BP EXPLORATION & PRODUCTION, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On May 22, 2024, Plaintiff filed an Unopposed Motion to Consolidate Related Cases Pending Before this Court and Set New Schedule seeking to consolidate the two above-styled actions. (Doc. 37 in Civil Action No. 21-0441-TFM-MU and Doc. 17 in Civil Action No. 23-380-KD-MU). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

## PROCEDURAL BACKGROUND

On April 21, 2021, Plaintiff, a *Deepwater Horizon* oil spill response worker, filed his first case in the Eastern District of Louisiana against the BP Defendants, alleging

that, as a result of his exposure to and contact with oil, other hydrocarbons, chemical dispersants, and other toxic substances, he was diagnosed with Chronic Pansinusitis and Chronic Rhinitis on July 27, 2017, and with Chronic Maxillary Sinusitis, Chronic Frontal Sinusitis, and Chronic Ethmoidal Sinusitis on August 7, 2017. (Civil Action No. 21-441-TFM-MU, Doc. 1). After some initial matters were addressed in the Eastern District of Louisiana, Plaintiff's action was transferred to this Court on October 7, 2021. (*Id.,* Docs. 6, 7). On April 22, 2022, the parties filed a joint motion to stay all CMO deadlines so Plaintiff could satisfy the procedural requirements to bring a second BELO claim for two new claimed medical conditions, Stroke and Sleep Apnea. (*Id.,* Doc. 21). The Court granted the motion to stay on April 25, 2022. (*Id.,* Doc. 22).

On May 31, 2023, Plaintiff filed a new complaint against the BP Defendants alleging his newly claimed condition, specifically a Stroke on August 7, 2018, in the Eastern District of Louisiana. (Doc. 1 in Civil Action No. 23-0380-KD-MU). His second complaint was transferred to this Court on October 5, 2023. (*Id.,* Docs. 7, 8).

Plaintiff filed his unopposed motion to consolidate the two actions pending in this Court on May 22, 2024. Plaintiff has also requested that all CMO deadlines in the consolidated action commence on the date this order is entered.

## **DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-

2

(3). In *Young v. City of Augusta,* 59 F.3d 1160 (1995), the Eleventh Circuit explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Id.* at 1168 (internal quotation marks and citations omitted).

> In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. Actions that involve the same parties are apt candidates for consolidation . . . [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. Identity of the parties is not a prerequisite; to the contrary, [c]ases may be consolidated even where certain defendants are named in only one of the complaints. Ultimately, district courts in this Circuit have been encouraged . . . to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.

*American Family Home Ins. Co. v. Hillery*, Civ. A. Nos. 08-0547-WS-C, 09-0022-WS-N, 2009 WL 2711901, *2 (S.D. Ala. July 20, 2009) (internal quotations marks and citations omitted); *see also Eghnayem v. Boston Scientific Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) ("In exercising its considerable discretion, the trial court is obliged to consider: 'Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'").

An examination of these actions confirms that there are numerous common questions of law and fact; that consolidation would promote the interests of judicial economy, convenience, and efficiency; and that consolidation would not appear likely to

result in any substantial countervailing delay, inconvenience, prejudice or expense for the Court or the parties. For instance, the underlying facts in both cases are essentially the same as they involve Plaintiff's exposure to oil, other hydrocarbons, dispersants, and other substances released due to the *Deepwater Horizon* oil spill response activities and then his subsequent development of LMPCs/injuries. The pivotal legal question is whether Plaintiff's purported injuries/LMPCs were legally caused by his exposure to oil, other hydrocarbons, dispersants, and other substances released due to the oil spill or response activities (or both). In addition, the parties are the same and similar damages are sought in both cases. Finally, there will be little, if any, inconvenience, delay, or additional expense caused by consolidation since the first filed action was stayed in anticipation of consolidation with the most recently filed action.

For the foregoing reasons, and because the Plaintiff's motions to consolidate are unopposed, the Court exercises its discretion in favor of consolidating these actions, pursuant to Rule 42(a), for all purposes, including discovery and trial. Therefore, Plaintiff's motion is hereby **GRANTED,** the stay previously entered in Civil Action No. 21-0441-TFM-MU is **LIFTED**, and Civil Action Nos. 21-441-TFM-MU and 23-0380-KD-MU are hereby **CONSOLIDATED,** as further set forth below.

The Clerk of Court is hereby directed to extract documents 1 through 37 from Civil Action No. 21-0441-TFM-MU and to make those documents a part of the court file in Civil Action No. 23-0380-KD-MU.[1] The Court finds that there is no reason to maintain

---

[1] The undersigned finds that it is appropriate to proceed under the later-filed case in CA 23-0380-KD-MU, given that the deadlines set forth in the BELO CMO and the order modifying the BELO CMO will commence with the entry of this Order.

Civil Action No. 21-0441-TFM-MU as an open file. *See Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 3161654, *2 (S.D. Fla. Sept. 29, 2009) ("Where two or more actions are consolidated 'for all purposes' they are thereafter treated as a single, unified case."). The Clerk of Court is **DIRECTED** to submit a JS-6 to the Administrative Office which indicates that Civil Action No. 21-0441-TFM-MU is statistically closed and, thus, removed from the pending docket of this Court. *See, e.g., Chambers v. Cooney*, Civ. A. Nos. 07-0373-WS-B, 07-0716-WS-B, 2007 WL 3287364, *3 (S.D. Ala. Nov. 2, 2007) (emphasis in original). Because the earlier case is closed, the parties are **ORDERED** *not* to include the caption of 21-0441-TFM-MU in any future filings and *not* to file any pleadings directly in that case. Rather, all future filings in these consolidated proceedings should be made exclusively in 23-0380-KD-MU.

Plaintiff's unopposed request to commence the running of deadlines in the CMO from the date of entry of this Order is **GRANTED.**

**DONE** and **ORDERED** this the **28th** day of **May**, **2024.**

                                             s/P. Bradley Murray
                                             **UNITED STATES MAGISTRATE JUDGE**